UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Daniel Wayne Hale, Individually, Beneficiary and Trustee of the Hale Family Trust Dated 3/13/2019, Personal Representative of the Estate of Cecil Elmer Hale, <br><br> Plaintiff, <br><br> State of Montana et al, Montana Department of Revenue, Montana Department of Natural Resources and Conservation (DNRC) and , and Montana Department of Fish, Wildlife and Parks dba Missouri Headwaters State Park, Montana Supreme Court et al, Frank and Opal Hart, Husband and Wife and the community property comprised thereof, Donald Beebe, Estate of Donald Beebe and Eileen Allen, Estate of Eileen Allen, John T. Flynn, Estate of John T. Flynn, Attorney Rachel A. Taylor, Patrick Finnegan d/b/a Missouri Headwaters Museum-The Three Forks Area Heritage Society, Fidelity National Title Company, American Land Title Company, Rachel A. Tylor, and all unknown parties who may claim interest in the subject property, , and DOES 1-100. <br><br> Defendants. | Civil Action No: <br><br> **COMPLAINT FOR QUIET TITLE AND WATER RIGHTS** <br><br> (1) Declaratory Relief <br> (2) Misrepresentation <br> (3) Unjust Enrichment <br> (4) Abuse of Process <br> (5) Defamation of Character <br><br> JURY TRIAL DEMANDED |

# PARTIES

1. Daniel Wayne Hale, individually and as Trustee/Beneficiary of the Hale Family Trust, a Washington resident, named herein plaintiff. The Hale Family Trust, herein "Trust", and as Personal Representative of the Estate of Cecil Elmer Hale, all herein "Hales".

2. State of Montana, acting as the Montana Department of Revenue, Department of Natural Resources and Conservation (DNRC), the Montana Department of Fish, Wildlife and Parks, Headwaters of the Missouri State Park all herein referred to as "State of Montana et al", Patrick Finnegan doing business as the Headwaters Heritage Museum and agent of Three Forks Area Heritage Society, Frank and Opal Hart, Husband and Wife, herein the "Harts", John T. Flynn, Personal Representative of the Estate of John T. Flynn both herein "John T. Flynn", Montana Supreme Court: Justice Laurie McKinnon, Justice Beth Baker, Justice Dirk M. Sandefur, Justice Jim Rice and Justice Mike McGrath all acting herein "Montana Supreme Court", Donald Beebe, the Personal Representative of the Estate of Donald Beebe, Eileen Allen and the Personal Representative of the Estate of Eileen Allen, American Land Title Company, Fidelity National Title Company, Rachel A. Taylor all unknown claimants who claim or may claim interests in the subject property, all herein residents and all doing business in the State of Montana, and DOES 1-100.

# JURISDICTION AND VENUE

3. This Court is vested with subject matter jurisdiction over quiet title actions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, complaint involves a federal question concerning U.S. Const. amend. XIV, § 2., there is diversity of citizenship between the parties and an exceeded $75,000 amount in controversy, the federal Butte venue is proper for Gallatin County.

4. The subject property herein "Hale Ranch" is situated as described in record: "The South Half of the South Half of the Southeast Quarter of the Southeast Quarter of Section Seventeen, Township Two North of Range Two East, M.P.M. in Gallatin County Montana, containing ten acres, more or less; and The South Half of the

Southwest Quarter of the Southwest Quarter of Section Sixteen, Township Two North of Range Two East, M.P.M. in Gallatin County, Montana containing Twenty Acres, more or less.

## I. QUIET TITLE

1.1 George William Hale, as Grantor, granted interest in the subject property to the plaintiff as beneficiary and Trustee under the Hale Family Trust, as Warranty Deed number 2640884 filed March 27, 2019 in Gallatin County Clerk and Recorders Office.

1.2 George William Hale legally severed the water rights from the subject property and reserves the water rights, Warranty Deed number 2614843 filed May 29, 2018 in Gallatin County Clerk and Recorder's Office.

1.3 There are no accurate water rights information with the Department of Natural Resources and Conservation, their information is incorrect. There is no water well in section 16 on the subject property.

1.4 George William Hale holds interest in the subject property by right of title through his father Cecil Elmer Hale and Grandfather Volney E. Hale or as a Beneficiary of the Trust.

1.5 Plaintiff now claims interest in the subject property for himself and as Trustee for other beneficiaries of the Hale Family Trust.

1.6 Frank and Opal Hart worked with The Missouri Headwaters State Park, Department of Revenue and DNRC to gain a unfair advantage in the subject property over the plaintiff and the Trust.

1.7 The Headwaters Heritage Museum holds personal property discovered to have been stolen from the plaintiffs predecessors and beneficiaries by Donald Beebe, Eileen Allen, and the Harts that should be held by the Trust.

1.8 Rachel A. Taylor brought a claim of adverse possession against the plaintiff's predecessors in interest and Trust, however purposely failed to serve process on all known defendants.

1.8 The State of Montana et al and Montana Supreme Court et al has unlawfully denied the plaintiff and beneficiaries of the Trust from legal ownership in the subject property without due process of law. U.S. Const. amend. XIV, § 2.

1.9 The American Land Title Company, underwriters Fidelity National Title, John T. Flynn, Donald E. Beebe, Eileen Allen, Frank and Opal Hart all acting jointly and severally have no valid title insurance on the entire subject property.

## II. First Claim Declaratory Relief

2.1 Plaintiff incorporates the forgoing facts herein 1.1 through 4.1 a justifiable controversy exists between the plaintiff and defendants on the forgoing issues stated. 28 U.S. Code § 2201.

## III. Misrepresentation

    3.1 The Harts, Donald Beebe, Eileen Allen, John T. Flynn, along with the Department of Revenue acting jointly and severally removed Volney Hale's name from the title using a Realty Transfer Certification, the defendants acting in concert purported that the plaintiff, trustee or beneficiaries have no future interest in the subject property and that they were insured with fee absolute title which is false.

    3.2 Plaintiff will demonstrate documents provided by the Harts and Rachel A. Taylor, evidences all defendants had no reason to believe the Trust's predecessors or beneficiaries have no interest in the subject property.

    3.3 No quitclaim deeds by the Hales have ever been evidenced in the public record.

    3.4 The State of Montana et al, and Montana Supreme Court et al unlawfully denied the plaintiff as an heir and Trustee interest in the subject property acting in concert with said misrepresentations and relied upon the defendants misrepresentations.

    3.5 Defendants Frank and Opal Hart conducted a Title Search with American Land Title Company which could not guarantee the sufficiency in the title vested in Donald and Eileen Beebe.

    3.5 Defendants Frank and Opal Hart, John T. Flynn, Donald Beebe and Eileen Allen acting severally and jointly filed a "1974 Grant Deed" March 7th, 1974 evidenced in the Gallatin County Clerk and Recorders Office purporting to extinguish the Plaintiff's rights to the subject property by "rights of survivorship".

    3.6 Defendants Frank and Opal Hart, John T. Flynn, Donald Beebe and Eileen Allen acting severally and jointly filed a second "Grant Deed" filed March 7th, 1974 subsequently attached with the first in effort to conceal the first filing, subsequently the Hales would continue paying the taxes and receive the tax bill unknowing their interests would be purposely extinguished in an act of fraud.

3.7 Defendants Frank and Opal Hart, John T. Flynn, Donald Beebe and Eileen Allen and the Department of Revenue acting jointly and severally filed the Application of Determination of Inheritance Tax in 1984 as a conveyance to evidence the Hale's interest removed from the subject property with a Realty Transfer Certificate.

3.8 Defendants Frank and Opal Hart and John T. Flynn, American Land Title Company acting jointly secured title insurance with Fidelity National Title using a partial legal description omitting the full title and taxable parcels.

3.9 Defendants Frank and Opal Hart along with Rachel Taylor then brought a frivolous quiet title claim with the insurer Fidelity National Title against beneficiaries of the Trust.

3.10 The foregoing facts resulted in injury and economic loss to the plaintiff and beneficiaries of the Trust.

3.11 Plaintiff incorporates all the forgoing facts stated herein 1.1 through 1-9, and 1.1 through 3.11, the defendant's negligent supply of false information to foreseeable persons, known or unknown; such persons' reasonable reliance upon that false information is apparent; and economic injury proximately resulting from such reliance has occurred. A full look and demonstration of the evidence will be further proven at the time of trial.

## IV Unjust Enrichment

4.1 Plaintiff realleges all facts 1.1 through 3.11 and incorporates them herein, The defendants received a benefit; at the plaintiff's expense; and, under circumstances that would make it unjust for the defendants to retain the benefit without commensurate compensation.

## V. Abuse of Process

1.Rachel A. Taylor used the civil process to gain a unfair advantage in the subject property for the Harts and purposely failed to serve all known defendants in an ulterior purpose to evade the plaintiff. Rachel A. Taylor has brought civil claims against relatives of the plaintiff, beneficiaries and has made threats towards the plaintiff and plaintiffs family alleging baseless claims which include claims of harassment, elder abuse and unauthorized practice of law which is an ulterior purpose, and was a willful act in use of civil process which is not proper in the regular conduct of the civil process.

### VI.     Defamation of Character

1. Rachel A. Taylor falsely alleged in public record that plaintiff was conducting unauthorized practice of law, she filed motions to exclude the plaintiff as a witness or defendant in District Court in an effort to evade due process of law in so she made those false allegations to the public and 18th District Courts which acts shaped the outcome of previous court procedures which resulted in loss of relief by the plaintiff and beneficiaries of the Trust.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues.

### PRAYER FOR RELEIF

WHEREFORE, plaintiff prays for judgment against the Defendant(s) jointly and severally, as follows:

For judgment against the Defendants in such amount or actual property title as shall be proven at time of trial.

For an award of attorneys' fees and costs of suit incurred herein.

For such other and further relief as the Court may deem just and equitable.

Dated this 8th day of November 2022,

_[signature: Daniel Wayne Hale]_

Daniel Wayne Hale
Hale Family Trust, Trustee, Personal Representative of the Estate of Cecil Elmer Hale, Plaintiff